UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SAIKOU DIALLO,

                                    Movant,


                    -against-                                        13 Civ. 6147 (LAK)
                                                                     S3 11 Cr. 59 (LAK)

UNITED STATES OF AMERICA,

                                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<div style="border:1px solid black">
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/11/2013
</div>

## MEMORANDUM OPINION

LEWIS A. KAPLAN, *District Judge.*

        Saikou Diallo moves to vacate, set aside, or modify his sentence pursuant to 28 U.S.C.
§ 2255. He contends that (1) he must be resentenced in light of the Supreme Court's recent decision
in *Alleyne v. United States*,[1] and (2) his trial counsel was ineffective for failing to challenge supposedly
multiplicitous counts in the Indictment, and to object to improper bolstering of the cooperating
witnesses and judicial fact-finding at sentencing that "overrode" the jury's verdict.

        "[A] collateral attack on a final judgment in a federal criminal case is generally
available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or
an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete
miscarriage of justice.'"[2]   The statute provides that the Court shall hold a hearing on a Section 2255
motion "unless the motion and the files and records of the case conclusively show that the prisoner is

---

[1]      133 S. Ct. 2151 (2013).

[2]      *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995).

entitled to no relief."[3]  Because the record in this case "conclusively" demonstrates that Diallo is not entitled to relief, no hearing is necessary here. For the reasons set forth below, Diallo's motion is denied and the Court declines to issue a certificate of appealability.

I.      *Resentencing Under* Alleyne v. United States

Diallo argues that he must be resentenced in light of the Supreme Court's recent decision in *Alleyne v. United States*[4] because this Court (rather than the jury) found that he had discharged a firearm in furtherance of the conspiracy charged in Count Three.[5]  *Alleyne* does not apply retroactively.  Therefore, Diallo's argument fails.

In *Alleyne*, the Court overruled *Harris v. United States*[6] and ruled that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," including, in particular, "any fact that increases the mandatory minimum."[7]  In *Teague v. Lane*,[8] the Supreme Court held that new constitutional rules of criminal procedure that had not been announced at the time the defendant's conviction became final will not, with limited exceptions, be applied retroactively on collateral review.[9]  The "*Teague* bar to

---

[3]     18 U.S.C. § 2255(b).

[4]     133 S. Ct. 2151 (2013).

[5]     Sentencing Tr. at 9 (Nov. 4, 2011).

[6]     536 U.S. 545 (2002).

[7]     133 S. Ct. at 2155.

[8]     489 U.S. 288 (1989).

[9]     *See Mungo v. Duncan*, 393 F.3d 327, 333 (2d Cir. 2004).

retroactivity applies only to new procedural rules," however.[10]  "[N]ew rules of substantive criminal law are presumptively retroactive."[11]

"*Alleyne* is an extension of *Apprendi v. New Jersey*."[12]  Accordingly, just as *Apprendi* constituted a "new rule" because it wrought "dramatic changes,"[13] so too does *Alleyne*.[14]  Similarly, *Alleyne*, like *Apprendi*, "is about nothing but procedure - who decides a given question (judge versus jury) and under what standard (preponderance versus reasonable doubt)."[15]  Under *Teague*, in order for a new rule of criminal procedure to apply retroactively it must be (1) a new rule that places "an entire category of primary conduct beyond the reach of the criminal law," or (2) a "new watershed rule[] of criminal procedure that [is] necessary to the fundamental fairness of the criminal proceeding."[16]

The first exception does not apply here.  In order for the second exception to apply, the "rule must not only improv[e] the accuracy of criminal proceedings, but also alter our understanding of the bedrock procedural elements essential to the fairness of those proceedings."[17]  "*Apprendi* did

---

[10]    *Santana-Madera v. United States*, 260 F.3d 133, 138 (2d Cir. 2001).

[11]    *Id.*

[12]    *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

[13]    *Coleman v. United States*, 329 F.3d 77, 83 (2d Cir. 2003) ("In light of the dramatic changes wrought by *Apprendi*, it unquestionably announced a new rule of law.").

[14]    *See Simpson*, 721 F.3d at 876 ("*Alleyne* establishes a new rule of constitutional law.").

[15]    *Coleman*, 329 F.3d at 84 (quoting *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002)).

[16]    *Sawyer v. Smith*, 497 U.S. 227, 241 (1990).

[17]    *Coleman*, 329 F.3d at 89 (alteration in original, citations and quotations omitted).

4

not announce a 'watershed' rule." Because *Alleyne*, like *Apprendi*, "merely 'clarified and extended' the scope of two well-settled principles of criminal procedure: the defendant's right to a jury trial and the government's burden of proof beyond a reasonable doubt," it does not announce a "watershed" rule either.[18]

Because *Alleyne* announced a rule that is both "new" and "procedural," but not "watershed," it does not apply retroactively to Diallo's Section 2255 motion for habeas relief.

## II.   *Diallo's Claims of Ineffective Assistance of Counsel*

In order to prevail on his ineffective assistance claim, Diallo must show not only that his counsel's performance fell below an objective standard of reasonableness, but also that, but for the error, the outcome of the trial would have been different.[19] Diallo's claims of ineffective assistance fail on both fronts.

### A.   *Multiplicity / Double Jeopardy*

Diallo contends that his counsel rendered ineffective assistance by failing to challenge Counts One and Two in the Indictment (each of which charges a conspiracy to distribute and possess with intent to distribute) as multiplicitous and in violation of the Fifth Amendment's double jeopardy clause.

"A claim of multiplicity cannot succeed . . . 'unless the charged offenses are the same

---

[18]    *Id.* at 89 (citation omitted).

[19]    *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986).

5

in fact and law.'"[20]   Though the Court did not expressly instruct the jury to determine how many

conspiracies the government proved, "the government introduced evidence that Diallo participated in

two conspiracies that differed in time period, participants, and geographic scope."[21]   As a result, the

Second Circuit concluded that the failure to give a multiple conspiracies charge was not plain error.

Given that evidence at trial supported the existence of two conspiracies and Diallo's participation in

each, Diallo's counsel's failure to object on multiplicity or double jeopardy grounds was not

unreasonable. Nor was it unreasonable for Diallo's counsel to recommend that Diallo's sentences with

respect to the conspiracies run concurrently.


   B.      *Improper Bolstering*

         Diallo argues that his counsel was ineffective for failing to challenge "the improper

bolstering of cooperator testimony by introduction of the cooperation agreements."[22]

         After the government informed the jury in its opening statement that it would present

the testimony of certain cooperating witnesses who sold drugs with Diallo, Diallo's counsel responded

by questioning the credibility of the cooperating witnesses, noting that they "committed a variety of

crimes," some of them violent, and "come in here now because they're willing to make a deal."[23]   Once

---

[20]

   *United States v. Jones*, 482 F.3d 60, 72 (2d Cir. 2006) (quoting *United States v. Estrada*, 320
   F.3d 173, 180 (2d Cir. 2003)).

[21]

   *United States v. Diallo*, 507 Fed. App'x 89, 91 (2d Cir. 2013). In the supplement to his § 2255
   motion, Diallo argued that his sentence violates the Double Jeopardy clause. This argument
   fails on the same grounds as does the multiplicity argument Diallo raised on appeal: evidence
   of two conspiracies, different in geography, time period, and membership, was presented at
   trial.

[22]

   Pet. at 6.

[23]

   Trial Tr. 29-30.

6

the defense attacked the credibility of the cooperating witnesses in its opening, it was proper to admit

the cooperation agreements.[24]  Indeed, the Second Circuit found that their admission was "not error,

much less plain error."[25]  Accordingly, it was reasonable for Diallo's counsel to refrain from objecting

to the agreements' admission. Even if he had objected, such an objection could not have impacted the

trial's outcome, as the objection would have been overruled.


C.    *Judicial Findings of Fact at Sentencing*

Diallo argues that his lawyer was ineffective for failing to challenge the judicial fact

finding at sentencing "that overrode the specific fact finding of the trial jury."[26]

District courts may "find facts relevant to sentencing by a preponderance of the

evidence" so long as "the judge does not impose (1) a sentence in the belief that the Guidelines are

mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3)

a mandatory minimum sentence under [21 U.S.C.] § 841(b) not authorized by the verdict."[27] Evidence

at trial established that Diallo was involved in the distribution of more than 2.8 kilograms of crack

cocaine, and the Court was entitled to make such a finding by a preponderance of the evidence.[28]

---

[24]
> *United States v. Cosentino*, 844 F.2d 30, 34 (2d Cir. 1988) ("[T]he written text of a cooperation agreement may be admitted during a witness's direct testimony whenever a defense attack on credibility in opening has made evidence of the whole agreement admissible.").

[25]
> *Diallo*, 507 Fed. App'x at 92.

[26]
> Pet. at 6.

[27]
> *United States v. Vaughn*, 430 F.3d 518, 526 (2d Cir. 2005).

[28]
> *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006) (district court was entitled to make its own preponderance finding of a higher drug quantity so long as its finding did not trigger a mandatory minimum or exceed the statutory maximum).

7

Accordingly, Diallo's lawyer was not ineffective for failing to challenge that finding.

D.     *The Court Would Have Imposed the Same Sentence*

In sentencing Diallo to 420 months' imprisonment, the Court made clear that it would impose the "same sentence regardless of whether every single argument on the sentencing guidelines that your counsel has made on your behalf and every objection you made to the presentence report were resolved in your favor."[29] Even if Diallo's counsel's representation had been ineffective, which it was not, Diallo would not be able to demonstrate prejudice at sentencing. The Court would have imposed the same sentence in any case.

*Conclusion*

For the foregoing reasons, Diallo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied in all respects.

A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:        December 10, 2013

Lewis A. Kaplan
United States District Judge

---

[29]    Sent. Tr. at 25, 29.