Mailed by chambers

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA

         -against-                                      11-cr-0059 (LAK)

SAIKOU DIALLO,

         Defendant.
------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      The defendant was convicted after jury trial of (1) two counts of conspiracy to distribute and possess with intent to distribute crack cocaine (the "narcotics conspiracy counts"), and (2) one count of discharge of a firearm in relation to a drug trafficking crime (the "firearm count"). On November 4, 2011, the defendant was sentenced principally to terms of 240 months' imprisonment on the narcotics conspiracy counts, to run concurrently with each other, and 180 months' imprisonment on the firearm count, to run consecutively to the terms imposed on the narcotics conspiracy counts, for a total term of 420 months' imprisonment, subsequently reduced to 415 months following a change to the Sentencing Guidelines. The matter now is before the Court on a *pro se* motion to appoint counsel to represent defendant in a motion for a further reduction of sentence. The motion is unusual.

      Defendant currently is incarcerated. Earlier this year, he received a monetary special award from the Bureau of Prisons ("BOP") in recognition of the fact that defendant and other inmates intervened in an assault by still another inmate on a female correction officer, restrained the assailant, and thereby minimized the injuries sustained by the officer. He now requests, if possible, that the Court consider a further reduction of his sentence and, if it would be possible to do so, to appoint counsel to assist him in pursuing such a reduction. His actions, he says, "personify 'extraordinary and compelling reasons'" for a reduction.

      The First Step Act empowered federal courts to reduce sentences of imprisonment in some circumstances for "extraordinary and compelling" reasons. 18 U.S.C. § 3582(c)(1)(A)(i). In order to do so on motion of an inmate, however, the inmate first at least must have applied to the warden of the institution in which the inmate is held to have the BOP make such a motion on his behalf and awaited the passage of 30 days following the application to the warden before applying to the court. There is no indication that the defendant has done so. Accordingly, the Court at this point would lack to power to grant such a motion in this case even if it otherwise were inclined to do so.

Nor is the Court aware of any basis for appointing counsel pursuant to the Criminal Justice Act in these circumstances. Nevertheless, in recognition of defendant's praiseworthy actions in protecting a correction officer from assault by another inmate, the Court recommends to its Office of Pro Se Litigation that it attempt to find an attorney who would represent the defendant *pro bono* in exhausting his administrative remedies and making any appropriate motion to the Court.

That said, the Court does not imply any recommendation to the BOP as to the action it should take on any application by the defendant. Nor does the Court imply that it would grant a sentence reduction if a motion properly were brought before the Court. It is unclear whether the First Step Act would permit a sentence reduction for the reasons relied upon by defendant. Even if the Act did so, the Court could grant a reduction only if such action were appropriate after considering the factors enumerated in 18 U.S.C. § 3553(a), which include among others the offenses of conviction and the nature and characteristics of the defendant. But the Court would consider any such motion that may be brought.

Accordingly, the motion for appointment of counsel is granted to the extent that the Court recommends to the Office of Pro Se Litigation that it attempt to find an attorney who would represent the defendant *pro bono* in exhausting his administrative remedies and making any appropriate motion to the Court and denied in all other respects.

SO ORDERED.

Dated:   June 16, 2020

_____
Lewis A. Kaplan
United States District Judge