UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2022

    -against-                                                                                   11-cr-0059 (LAK)

SAIKOU DIALLO,

                      Defendant.
------------------------------------------x

## MEMORANDUM AND ORDER DENYING SECOND
## SENTENCE REDUCTION MOTION

LEWIS A. KAPLAN, *District Judge.*

        The defendant was convicted by a jury in 2011 of two counts of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (Counts One and Three); and one count of discharge of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A)(iii), (C)(I), and 2 (Count Six). (Dkt 375). He was sentenced principally to a term of imprisonment of 35 years: 240 months on each conspiracy count, to be followed by 180 months on the firearm count. The convictions and sentence were affirmed on appeal. Subsequently, the sentence was reduced by 5 months on motion. (Dkt 798)

        Defendant last year moved for compassionate release or a further sentence reduction. (Dkt No. 972) The motion relied on contentions that he suffered from hypertension and thus was at enhanced risk from the COVID virus, that his sentence reflected an inappropriate disparity from others, that he had been rehabilitated, and that the conditions of confinement during the pandemic were especially onerous. The Court denied the motion on the ground that defendant had been offered and refused COVID vaccination and therefore could not rely on the COVID risks as creating extraordinary and compelling circumstances and that the rest of his arguments failed to do so as well. (Dkt 978)

        The matter again is before the Court on yet another motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Defendant claims that there are extraordinary and compelling circumstances as required by statute as a result of the allegedly disparate length of his sentence, his youth at the time of sentencing, the lengths both of his sentence and of the time already served, the liberty he claims was afforded to district courts by *United States v. Brooker,* 978 F.3d 288 (2d Cir. 2020), to find extraordinary and compelling circumstances, his desire for a greater sentence reduction under USSG Amendment 782 than the Court afforded to him years ago, an allegedly heroic act, the conditions of his confinement during COVID, the existence of an ICE detainer against him, and his alleged rehabilitation.

        As is readily apparent, many of the circumstances upon which defendant now relies were considered and rejected previously. To be sure, the Court recognizes that the defendant has taken advantage of a great deal of the programming that has been offered during his incarceration, that he is entitled to credit for coming to the aid of a correction officer under attack by others, that the conditions of his confinement

during the pandemic have been especially onerous, and that he seems to be a reasonably bright fellow. In the last analysis, however, the Court does not regard these circumstances, individually or in combination, as establishing extraordinary and compelling circumstances. And even if they did, it would deny relief because consideration of the 3553(a) factors supports denial.

As the PSIR, the minutes of defendant's sentencing, and the government's recent papers (Dkt. 977) show, defendant was the leader of an extremely violent crack distribution operation that wreaked havoc on an area in Bronx County. He orchestrated and participated in a number of violent episodes, lied with abandon to the government and/or the Court, and showed no remorse whatever at sentencing. The sentence is necessary to reflect adequately the seriousness of his crimes, to promote respect for the law, to provide just punishment, to deter criminal conduct, and to protect the public. And defendant should bear in mind that the sentence imposed by the Court was considerably lower than the life sentence that would have been appropriate under the Sentencing Guidelines and the 40 years initially recommended by the Probation Department.

Motion (Dkt 982) denied. The Clerk shall mail a copy of this ruling to the defendant and so note on the docket.

SO ORDERED.

Dated:       March 1, 2022

*[signature]*

Lewis A. Kaplan
United States District Judge